UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>Bed Bath & Beyond Inc.,<br><br>　　　　Debtor.<br><br>---<br><br>Neelay Das, et al,<br><br><br>Appellants,<br><br>v.<br><br>Bed Bath & Beyond Inc., et al,<br><br>　　　　Appellees. | Civil Action No. 23-20787 (MEF)<br><br>**ORDER** |

Proskauer Rose LLP is one of the approximately six law firms that have appeared on this case.

The undersigned's sibling is an associate of Proskauer Rose LLP.

The parties are directed to review the attached order and set out their positions as to whether the undersigned should recuse from this matter, in a brief letter to be filed on or before February 10.

The Clerk of the Court shall provide the Appellants with a copy of this order and attachment by regular mail.

IT IS on this 25th day of January, 2024, so **ORDERED**.

_____

Michael E. Farbiarz, U.S.D.J.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Jorge Andujar, et al., <br><br> *Plaintiffs*, <br> v. <br><br><br> Hub Group Trucking, Inc., <br><br> *Defendant*. | Civil Action No. 23-16987(MEF)(JSA) <br><br> **ORDER** |

The Defendant yesterday informed the Court that its lawyer is Proskauer Rose LLP.

Proskauer Rose LLP is a large international law firm.

The undersigned's sibling is an associate in Proskauer Rose LLP's litigation department. He is not listed as one of the attorneys working on this case. In addition, the firm has represented that it created an "ethical wall" that "screen[s] off" the undersigned's sibling from this matter.

\*   \*   \*

United States District Judges are subject to the Code of Conduct for United States Judges. See Code of Conduct for United States Judges ("Code of Conduct") at 2 ("This Code applies to United States . . . district judges[.]"); id. at 19 ("[a]ll judges should comply with this Code").

The Code includes a number of ethics-focused mandates. For example, the Code tracks Title 18, United States Code, Section 455, and states that "[a] judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned[.]" Id. at Canon 3C.

1

In addition, Canon 3(A)(2) requires that "[a] judge should hear and decide matters assigned, unless disqualified[.]" Id.

\*　　\*　　\*

Upon learning that Proskauer Rose LLP represents the Defendant, the Court took two steps. See generally Pinkston v. City of New Jersey, 2023 WL 4669523 (D.N.J. July 19, 2023).

First, judges are permitted to seek advisory opinions as to the Code of Conduct from attorneys at the Administrative Office of the United States Courts.  See Code of Conduct at 2.

The Court did so here.  The undersigned described in writing the relevant facts to attorneys at the Administrative Office.

The undersigned received a response earlier today.  Per that response, a 2009 advisory opinion addressed analogous facts.  The advisory opinion's conclusion: under the Code of Conduct, judges are not required to recuse in this situation.

Second, the undersigned consulted with another United States District Judge in this District.

The undersigned described the relevant facts and circumstances, and the Judge confirmed that, in his judgment, there is no basis for recusal.

\*　　\*　　\*

The Plaintiffs have indicated they do not object to the undesigned continuing to preside over this case.  The Defendant has not provided its position.

The parties shall each file a brief letter on or before January 30, indicating whether they require further information from any source with respect to the possibility of recusal.  If a party does not require more information, it shall set out its position as to whether there is any basis for the undersigned to recuse.

2

3

IT IS on this 25th day of January, 2024, so ORDERED.

_____
Michael E. Farbiarz, U.S.D.J.